UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-------------------------------------------------------X
MIR S. IQBAL,

                Plaintiff,        CAUSE NO.: 2:12CV 56

      v.

TEJASKUMAR M. PATEL, WARREN
JOHNSON and S-MART PETROLEUM,
INC. an Indiana Corporation,
                Defendants.
-------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, Mir S. Iqbal, by and through his attorney, Maurice Salem, complains against the Defendants herein and alleges as follows:

### NATURE OF THE ACTION

1. In 2007, Defendant Warren Johnson ("Johnson"), who is the President and owner of Defendant S-Mart Petroleum Inc. ("S-Mart"), together with S.P. Singh, approached Plaintiff Iqbal and recommended to him to purchase a gas station in Indiana. Through his company, S.M.I. Acquisition Corp., Plaintiff purchased the gas stations, with convenient store.

2. Plaintiff entered into a Fuels Sales Agreement with Defendant S-Mart, to supply gas to Plaintiff's gas station located at: 2700 Old US 231 So., Layafette, Indiana.

3. On or about the same time, Defendant Johnson, together with Singh, introduced Plaintiff to Defendant Tejaskumar M. Patel. Patel entered into an agreement with Plaintiff, where Patel would have complete operational control over a gas station and its finances, including its checking account.

4. Unbeknown to Plaintiff, and based on the specific facts below, Defendant Patel was in collusion with S-Mart's President and Owner, Defendant Johnson, to takeover Plaintiff's gas station through a fraudulent scheme.

## JURISDICTION

5. This Court has jurisdiction over the subject matter of this action, under federal question jurisdiction, 28 U.S.C. §§ 1331, 1343(a)(3) & (4), and the civil RICO statute: 18 U.S.C. § 1962(c).

6. *In the alternative*, jurisdiction exists in this Court by reason of diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 exclusive of interests and costs. Plaintiff Iqbal is domiciled in Illinois. Defendants Patel and Warren Johnson, who is the President of Defendant S-Mart Petroleum Inc., are domiciled in Indiana and the principal place of business is in Indiana.

## THE PARTIES

7. Plaintiff Mir S. Iqbal resides in Illinois, 3821 Linneman Street, Glenview, IL. 60025.

8. Defendant Warren Johnson ("Johnson"), who is the President of Defendant S-Mart Petroleum Inc. ("S-Mart") at, 11909 Lakeside Drive, Suite 100, Fishers, Indiana, 46038, was in collusion with Defendant Tejaskumar M. Patel, to get Plaintiff to purchase the subject gas station, where Patel would operate it. Defendant Patel reside in Indiana, 11425 US 52 N HWY, Clarks Hill IN 47930.

## STATEMENT OF FACTS

9. In March 2007, Defendant Warren Johnson ("Johnson"), who is the President of Defendant S-Mart Petroleum Inc. ("S-Mart"), together with his real estate broker, S.P. Singh, approached Plaintiff Iqbal and recommended to him to purchase a gas station in Indiana, located at: 2700 Old US 231 So., Layafette, IN 47909.

10. Through his company, S.M.I. Acquisition Corp., Plaintiff purchased the gas station, with a convenient store. Plaintiff resided, and still resides, in Illinois; he purchased the gas station without the intention of personally operating it.

11. Plaintiff entered into a Fuels Sales Agreement with Defendant S-Mart to supply gas to Plaintiff's gas station located at: 2700 Old US 231 South, Lafayette, Indiana.

12. On or about the same time, Defendant Johnson and Singh, introduced Plaintiff to Defendant Tejaskumar M. Patel. Patel entered into an agreement with Plaintiff, whereby he would have complete operational control over a gas station and its finances, including its checking account.

13. The Fuels Sales Agreement with Johnson required that a $30,000 letter of credit be obtained, but Johnson allowed Patel to overlook this requirement, in breach of the Fuel Sales Agreement, and no letter was ever obtained by Patel or Plaintiff.

14. The Agreement required a weekly gas delivery and payment. If no payment is made after the weekly delivery, then no further delivery would be made. The gas that is pumped into the station, which is sold produces a certain income at the end of the week, a percentage of that income must be given to S-Mart, otherwise no further delivery could be made.

3

15. The gas that is placed in the station at the beginning of the week, and is sold at the end of the week, must produce income. Defendant Patel as the operator of the gas station must explain to both Defendant Johnson and Plaintiff where the money from the gas sale went during the week, if he does not make the weekly payment.

16. Plaintiff's understanding was that if the weekly gas payment is not made, he would receive notice, the following week no gas would be delivered and the gas station operation would stop, pursuant to the Fuel Sales Agreement with Johnson and the Agreement with Patel.

17. However, Johnson allowed Patel not to pay the weekly payments for five (5) weeks, which accumulated to a total of $87,000. Defendants knew Plaintiff could not pay this amount. Plaintiff learned of this only after the five (5) weeks of non-payments.

18. At this point Patel walked away from the gas station and Defendant Johnson stopped the delivery of gas, *inter alia*, to prohibit Plaintiff from earning anymore income to make payments to Johnson. Under the circumstance that Defendants created, Plaintiff was unable to get gas from any other supplier.

19. Johnson and Patel planed to do this from the start. This allowed Johnson to foreclosed on Plaintiff's gas station and take it over for a small fraction of the actual value of the gas station.

20. On January 20, 2012, Plaintiff learned from Singh that Patel is currently doing business with Defendant Johnson at a Valero Brand gas station at, 3606 S Keystone Ave. Indianapolis 46227, and that they have done, or are doing business together, at gas stations located at: 300 S Washington street, Crawford Ville, Indiana, 47933, and at, 1701 East 116th Street, Carmel, Indiana, 46032.

21. Singh admitted to Plaintiff how Defendants Johnson and Patel were in collusion together and planed to take over Plaintiff's gas station from the start.

## COUNT I
## CIVIL RICO
## 18 USC 1962(c)

22. Plaintiff repeats paragraphs 1 through 21, as though stated herein.

23. The elements of a section 1962(c) civil RICO claim can be described in many ways. Generally, to establish a claim under section 1962(c), the plaintiff must prove that (1) there is a defendant person (2) was employed by or associated with an enterprise (3) that engaged in or affected interstate commerce and that (4) the defendant person operated or managed the enterprise (5) through a pattern of racketeering activity, including fraud and (7) the plaintiff was injured in its business or property by reason of the pattern of racketeering activity.

24. First, the Defendant person is Johnson and Patel. Second, they were employed or associated together and/or through S-Mart in an enterprise of selling gas and they are in the gas station business. Third, they engaged in interstate commerce through the sale of gas and the solicitation of Plaintiff in Illinois. Fourth, they operated or managed an enterprise together and S-Mart and Plaintiff's gas station. Fifth, through a pattern, and sixth, of racketeering activity, including fraud, they caused Plaintiff to purchase the gas station and then through collusion as described above took it over. Seventh, Plaintiff was injured in his business or property by reason of the pattern of racketeering activity, in that, he lost his investment and business operation.

5

## Relief Requested

25. Possession of the subject gas station and a judgment against Defendants, jointly and severally, for compensatory relief in the amount of $840,000, for lost investment and business. Plaintiff also seeks treble damages, attorneys' fees and costs under section 1964(c), together with prejudgment interest of 5%, from October 2008, the time Patel stopped paying for the gas and punitive damages in an amount this Court believes will deter others in Defendants situation from committing such acts.

26. **WHEREFORE**, Plaintiff respectfully requests entry of judgment against Defendants, jointly and severally, for the following:

1. actual compensatory damages in the amount of **$840.000**;

2. treble damages, attorneys' fees and costs under section 1964(c);

3. an order granting possession of the subject gas station to Plaintiff;

3. plus prejudgment interest at statutory rate of 5% from October 2008, the time Patel stopped paying for the gas;

4. punitive damages in an amount that this Court believes will deter others, in similar situation as Defendants herein, from committing such acts;

5. together with such other and further relief that this Court deems just and proper.

## COUNT II
## COMMON LAW FRAUD

27. Plaintiff repeats paragraphs 1 through 21, as though stated herein.

28. The elements of are: (1) a defendant makes a false statement (2) the defendant knew it was false at the time he made it (3) the false statement was made to

6

induce plaintiff reliance (4) plaintiff relied on the false statement and (6) as a result of the reliance, the plaintiff was injured in his business or property.

29. First, the Defendants Johnson and Patel were in collusion together and made a series of false statement to Plaintiff as set forth above. Second, they knew these statements were false at the time they made them because they were in collusion to take over Plaintiff's gas station. Third, they made these false statements to get Plaintiff to rely upon them and purchase the subject gas station and hire Patel to operate it. Fourth, Plaintiff relied on the false statements and purchased the gas station. Fifth, as a result of this reliance, Plaintiff was injured in his business and property.

## Relief Requested

30. Possession of the subject gas station and a judgment against Defendants, jointly and severally, for compensator relief in the amount of $840,000. Plaintiff also seeks treble damages, attorneys' fees and costs, together with prejudgment interest of 5%, from May 2007, and punitive damages in an amount this Court believes will deter others, in Defendants situation, from committing such acts.

31. **WHEREFORE**, Plaintiff respectfully requests entry of judgment against Defendants, jointly and severally, for the following:

1. actual compensatory damages in the amount of **$840.000**;

2. treble damages, attorneys' fees and costs;

3. an order granting possession of the subject gas station to Plaintiff;

3. plus prejudgment interest at statutory rate of 5% from October 2008, the time Patel stopped paying for the gas;

4. punitive damages in an amount that this Court believes will deter others, in similar situation as Defendants herein, from committing such acts;

5. together with such other and further relief that this Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

32. Plaintiff repeats paragraphs 1 through 21, as though stated herein.

33. Unjust enrichment is equitable relief where Plaintiff is unable through statutes or contracts obtain relief.

34. In this case, the Defendants Johnson and Patel were in collusion together and made a series of false statement to Plaintiff as set forth above. They knew these statements were false at the time they made them because they were in collusion to take over Plaintiff's gas station as shown above. Plaintiff was injured in his business and property.

### Relief Requested

35. Plaintiff prays for the following relief: possession of the subject gas station and a judgment against Defendants, jointly and severally, for compensatory relief in the amount of $840,000. Plaintiff also seeks attorneys' fees and costs, together with prejudgment interest of 5%, from October 2008, the time Patel stopped paying for the gas.

36. **WHEREFORE**, Plaintiff prays for entry of judgment against Defendants, jointly and severally, for the following:

1. actual compensatory damages in the amount of **$840.000**;

2. attorney's fees and costs;

3. an order granting possession of the subject gas station to Plaintiff;

4. plus prejudgment interest at statutory rate of 5% from October 2008, the time Patel stopped paying for the gas;

5. together with such other and further relief that this Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated: February 3, 2012

Respectfully submitted,

/s/Maurice Salem,
Law Offices of Salem &
Associates, P.C.
7156 W. 127th Street, B-149
Palos Heights, IL. 60463
Tel.(708) 277-4775
Fax (708) 357-4029
salemlaw@comcast.net

**VERIFICATION**

I, Mir S. Iqbal, am the Plaintiff herein and I hereby affirm under the penalties for perjury that the foregoing representations in the above Verified Complaint are true and complete to the best of my knowledge, except as to those matters based on information and belief and as to those matters I believe them to be true.

/s/Mir S. Iqbal

Sworn to before me on this

3rd Day of February, 2012

Notary Public

OFFICIAL SEAL
MAURICE J SALEM
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/11/14

9