```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


MIR S. IQBAL,                      )
                                   )
          Plaintiff                )
                                   )
          v.                       )  CIVIL NO. 2:12 cv 56
                                   )
TEJASKUMAR M. PATEL, WARREN        )
JOHNSON, S-MART PETROLEUM, INC.,   )
                                   )
          Defendant                )
*******************************    )
WARREN JOHNSON, S-MART             )
PETROLEUM, INC.,                   )
                                   )
          Counter Claimants        )
                                   )
          v.                       )
                                   )
MIR S. IQBAL,                      )
                                   )
          Counter Defendant        )
```

OPINION AND ORDER

This matter is before the court on the Verified Motion Pursuant to Federal Rules of Civil Procedure 56(d) filed by the plaintiff, Mir S. Iqbal, on June 15, 2012. For the reasons set forth below, the motion is **DENIED**.

Background

The plaintiff, Mir S. Iqbal, filed his complaint in the present case on February 3, 2012, claiming fraud and violations of the RICO Act on the part of Tejashkumar M. Patel, Warren Johnson, and S-Mart Petroleum. The complaint was based on the actions taken by the defendants when the parties entered a Motor

Fuel Sales Agreement and the defendants sold him motor fuels pursuant to the agreement. Iqbal complains that these actions were part of a scheme to defraud him.

Discovery was stayed on May 11, 2012, pending the filing of motions for summary judgment. A few days later, the defendants filed a motion for summary judgment, arguing that Iqbal's claims are barred by the doctrines of res judicata and accord and satisfaction. The defendants contend that S-Mart Petroleum obtained a judgment against Iqbal, S-M-1, and M & U in two separate cases before the Tippecanoe Superior Court II. S-Mart's judgment against Iqbal and S-M-1 was entered pursuant to a settlement agreement. The defendants maintain that if Iqbal desired to pursue the issues raised in his current complaint, they should have been raised during the litigation before the Tippecanoe Superior Court II. Iqbal responded by filing the present motion for additional discovery. Iqbal complains that he needs additional discovery to contradict the affidavits submitted by the defendants.

## Discussion

Federal Rule of Civil Procedure 56(d) states[1], "If a party

---

[1] Federal Rule of Civil Procedure 56 was amended in 2010. Subsection (d) was carried forward without substantial change from prior subdivision (f). Fed.R.Civ.P. 56 Advisory Committee Notes. Therefore, some of the cases the court cites may refer to Rule 56(f), but the current Rule 56(d) analysis is essentially the same.

opposing the motion shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." In order to succeed on a Rule 56(d) motion, the plaintiff must identify the specific evidence which would create a genuine issue of fact. ***American Needle, Inc. v. National Football League***, 538 F.3d 736, 740 (7th Cir. 2008) (overturned on other grounds). "Summary judgment should not be entered 'until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion.'" ***Chalimoniuk v. Interstate Brands Corporation***, 172 F.Supp.2d 1055, 1057—58 (S.D. Ind. 2001) (*quoting* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Rule 56(d) is not meant to allow a party to block summary judgment simply by offering generalities about the need for further discovery. ***Woods v. City of Chicago***, 234 F.3d 979, 990—91 (7th Cir. 2001). "Rule [56(d)] does not operate to protect parties who are dilatory in the pursuit of discovery." ***Allan Block Corp. v. County Materials Corp.***, 588 F.Supp.2d 976, 980 (W.D. Wis. 2008) (*citing* ***Doty v. Illinois Cent. R. Co.***, 162 F.3d 460, 461—62 (7th Cir. 1998)).

A court may grant a Rule 56(d) motion on the grounds that issues of material fact exist and that the requesting party is entitled to conduct discovery. *See **Chalimoniuk***, 172 F.Supp.2d at 1057—58 (granting Rule 56(d) motion when plaintiff moved for summary judgment before any discovery had taken place). Likewise, when issues material to the outcome are in question, the full benefit of discovery is preferable. ***Chalimoniuk,*** 172 F.Supp.2d at 1059.

However, a court may deny a Rule 56(d) motion when a party fails to pursue discovery in the allotted time frame. *See **Allan Block Corporation***, 588 F.Supp.2d at 980—81 ("It would be . . . inappropriate to continue trial to permit yet another period of discovery when plaintiff has failed to take full advantage of two lengthy opportunities for discovery."). *See also **Hu v. Park National Bank***, 333 Fed.Appx. 87, 89—90 (7th Cir. 2009) (affirming denial of Rule 56(d) motion because the plaintiff "did nothing during discovery" and waited until two months after Park National Bank had filed its motion for summary judgment to ask for additional time for discovery). Likewise, a court may deny a Rule 56(d) motion because the requesting party has failed to identify with specificity the evidence it hopes to obtain with the additional discovery and how it would create a genuine issue of material fact. *See **American Needle, Inc.***, 538 F.3d at 740

(affirming district court's denial of Rule 56(d) motion). In short, the moving party must show: (1) good cause for the discovery delays; (2) the specific discovery that is necessary to prepare a response to the motion for summary judgment; and (3) that the additional discovery will give rise to a genuine issue of material fact. *Bernegger v. Gray & Associates LLP*, 2009 WL 3148723, *3 (E.D. Wis. 2009).

Iqbal's motion fails to satisfy the requirements of Rule 56. To begin, Rule 56 sets forth specific procedural requirements and states that the motion must be accompanied by an affidavit or declaration showing that it cannot present facts essential to justify its position without additional discovery. Iqbal's motion was not accompanied by the required affidavit or declaration. *See* Rule 56(d) **(**explaining that the movant must show additional discovery is necessary by affidavit or declaration); *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006) (same); *Bernegger*, 2009 WL 3148723 at *4 (explaining that failure to attach an affidavit as required by Rule 56(d) was fatal to the movant's motion). The closest Iqbal comes to satisfying this requirement is the statement in his motion that he needs additional facts to contradict the defendants' affidavits. However, even his motion is devoid of any explanation of why the information he seeks is necessary to create a

5

genuine issue of material fact, nor is it apparent that additional discovery is necessary.

The pending motion for summary judgment is based on the doctrines of res judicata and accord and satisfaction. S-Mart obtained a judgment against Iqbal and S-M-1 in Tippecanoe Superior Court II. That judgment was entered pursuant to a settlement agreement which provided for the execution of a note, mortgage, and entering a new Motor Fuel Sales Agreement. S-Mart Petroleum also obtained a judgment against Iqbal and M & U in the same court. It is the defendants' position that the Tippecanoe litigation was based on the same material facts as the current complaint, and for this reason, if Iqbal desired to pursue the issues raised in his complaint, he was required to do so in the previous litigation. Additionally, by settling the case, Iqbal is barred by the doctrine of accord and satisfaction from proceeding with his claims. Because the motion for summary judgment is based entirely on the events of the previous litigation, the defendants argue that all of the facts necessary to decide the motion for summary judgment are contained in the pleadings of the Tippecanoe Superior Court II.

Iqbal responded that he identified the depositions he desires to take and hopes to obtain information about any and all business relationships the defendants had with each other at the

time of the events giving rise to his complaint. Iqbal believes this will help support his position that the defendants colluded to take over a gas station they caused him to purchase. However, he does not explain how this will create a genuine issue of material fact and help him avoid summary judgment on the issues raised by the defendants. It is not apparent that the collusive activities of the defendants have any relationship to whether the issues previously were decided, settled, or should have been raised. Iqbal has not satisfied his burden and explained why the information he seeks is relevant to the issues raised in the pending motion for summary judgment. The court cannot rely on his boilerplate statements that he needs additional discovery to contradict the defendants' affidavits without greater explanation of the information he seeks and its importance to creating a genuine issue of material fact. His shortcomings are fatal to his request.

_____

For the foregoing reasons, the Verified Motion Pursuant to Federal Rules of Civil Procedure 56(d) filed by the plaintiff, Mir S. Iqbal, on June 15, 2012, is **DENIED**. Iqbal's response to the defendants' motion for summary judgment shall be filed within 21 days of this Order.

ENTERED this 13th day of December, 2012

                                s/ ANDREW P. RODOVICH
                                   United States Magistrate Judge