In the

# United States Court of Appeals

### For the Seventh Circuit



CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

No. 14-1959

MIR S. IQBAL,

*Plaintiff-Appellant*,

*v.*

TEJASKUMAR M. PATEL, WARREN JOHNSON, and S-MART PETROLEUM, INC.,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:12 CV 56 — **James T. Moody**, *Judge*.

ARGUED FEBRUARY 24, 2015 — DECIDED MARCH 2, 2015

Before EASTERBROOK, ROVNER, and SYKES, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Through a closely held corporation, Mir Iqbal bought a gasoline service station. (He also guaranteed its debts, so we need not mention the corporation again.) Iqbal contracted with S-Mart Petroleum for gasoline. Iqbal then hired Tejaskumar Patel to conduct the business, ceding operational control to him. He chose Patel on the recommendation of Warren Johnson, S-Mart's president.

Patel ran the business but did not pay for the gasoline, leading S-Mart to sue on the contract in an Indiana court. The court entered a judgment of more than $65,000 against Iqbal as guarantor. He did not pay, and a settlement was reached. Iqbal gave S-Mart a note, secured by a mortgage on the business premises. When he still did not pay, a state court entered a second judgment against him, and the property was sold in a foreclosure auction.

Iqbal alleges in this federal suit that Patel and Johnson acted in cahoots to defraud him out of his business. The complaint accuses the defendants of racketeering and seeks treble damages under 18 U.S.C. §1964, part of the Racketeer Influenced and Corrupt Organizations Act (RICO). The district court dismissed the complaint for want of jurisdiction, however, ruling that it is barred by the *Rooker-Feldman* doctrine because it challenges the state court's judgments. 2014 U.S. Dist. LEXIS 45385 (N.D. Ind. Mar. 27, 2014).

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), after which the doctrine is named, hold that the Supreme Court of the United States is the sole federal tribunal authorized to review the judgments of state courts in civil litigation. See also, e.g., *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005); *Lance v. Dennis*, 546 U.S. 459 (2006). Iqbal invited trouble by asking the district court to undo the foreclosure.

When the judge directed the parties to address whether that would be possible, consistent with the *Rooker-Feldman* doctrine, Iqbal contended that it does not apply to fraud (either fraud out of court or fraud during litigation). As the district court rightly replied, *Kelley v. Med-1 Solutions, LLC*, 548

No. 14-1959                                                    3

F.3d 600 (7th Cir. 2008), and other decisions in this circuit
foreclose such an argument. The *Rooker-Feldman* doctrine is
concerned not with *why* a state court's judgment might be
mistaken (fraud is one such reason; there are many others)
but with *which federal court* is authorized to intervene. See
*Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014). The reason a
litigant gives for contesting the state court's decision cannot
endow a federal district court with authority; that's what it
means to say that the *Rooker-Feldman* doctrine is jurisdiction-
al. So although we recognize that other circuits disagree on
this issue, or at least that language in their precedential deci-
sions is in tension—compare *Reusser v. Wachovia Bank, N.A.*,
525 F.3d 855, 859 (9th Cir. 2008), with *Fielder v. Credit Ac-
ceptance Corp.*, 188 F.3d 1031 (8th Cir. 1999)—we shall stick
with *Kelley*.

Iqbal maintains, however, that we abandoned *Kelley* in
*Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769 (7th Cir. 2014),
without so much as citing it. That's not how precedent
works. In this circuit it takes a circulation to the full court
under Circuit Rule 40(e) for one panel to overrule another.
But the panel in *Johnson* did not disagree with *Kelley*. It made
a different point, which we now quote:

> The [*Rooker-Feldman* doctrine] does not bar a federal suit that
> seeks damages for a fraud that resulted in a judgment adverse to
> the plaintiff. Such a suit does not seek to disturb the judgment of
> the state court, but to obtain damages for the unlawful conduct
> that misled the court into issuing the judgment. It's true that the
> plaintiff is also asking that the default judgments be vacated, and
> that is relief that would violate the *Rooker-Feldman* rule; but that
> claim can be rejected without affecting the damages claim.

*Johnson*, 748 F.3d at 773 (citations omitted). Like the district
judge in our case, *Johnson* concludes that fraud (no matter

how described) does not permit a federal district court to set aside a state court's judgment in a civil suit.

What *Johnson* adds—what the defendants in this suit have failed to appreciate—is that federal courts retain jurisdiction to award damages for fraud that imposes extrajudicial injury. The Supreme Court drew that very line in *Exxon Mobil*:

> Nor does [the doctrine] stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party … , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *GASH Assocs. v. Rosemont*, 995 F. 2d 726, 728 (7th Cir. 1993); accord *Noel v. Hall*, 341 F. 3d 1148, 1163–1164 (9th Cir. 2003).

544 U.S. at 293. In other words, if a plaintiff contends that out-of-court events have caused injury that the state judiciary failed to detect and repair, then a district court has jurisdiction—but only to the extent of dealing with that injury. As we wrote in *Johnson*, the federal court cannot set aside the state court's judgment.

Iqbal alleges that the defendants conducted a racketeering enterprise that predates the state court's judgments. He cannot have those judgments annulled but can contend that he was injured, *out of court*, by being "set up" by Patel and Johnson so that they could take over his business and reap the profits he anticipated. The district court believed that any pre-litigation fraud is "intertwined" with the state court judgments and therefore forecloses federal litigation, but *Exxon Mobil* shows that the *Rooker-Feldman* doctrine asks

No. 14-1959                                                  5

what injury the plaintiff asks the federal court to redress, not
whether the injury is "intertwined" with something else. See
544 U.S. at 291; see also *Richardson v. Koch Law Firm, P.C.*, 768
F.3d 732, 734 (7th Cir. 2014) (deprecating any inquiry into
what is intertwined with what).

Because Iqbal seeks damages for activity that (he alleges)
predates the state litigation and caused injury independently
of it, the *Rooker-Feldman* doctrine does not block this suit. It
must be reinstated.

Logically the district court's next inquiry is whether the
doctrine of claim preclusion (res judicata) applies. (*Exxon
Mobil* observes, 544 U.S. 293, that preclusion differs from the
*Rooker-Feldman* doctrine and comes to the fore once the fed-
eral court concludes that it has subject-matter jurisdiction.)
At least two decisions by intermediate appellate courts in
Indiana hold that fraud causing nonpayment is a compulso-
ry counterclaim in a debt-collection suit. *Ratcliff v. Citizens
Bank*, 768 N.E.2d 964, 967–69 (Ind. App. 2002); *Broadhurst v.
Moenning*, 633 N.E.2d 326, 331–32 (Ind. App. 1994). Cf. *Fox v.
Maulding*, 112 F.3d 453 (10th Cir. 1997) (similar conclusion
under Oklahoma law). State law determines the rules of pre-
clusion, see 28 U.S.C. §1738, so the district court will need to
decide whether the Supreme Court of Indiana is likely to
agree with these decisions, and if so whether there is any ex-
ception to the rules of preclusion. The court also will need to
consider whether Patel and Johnson receive the benefits of
any compulsory-counterclaim requirement, given that S-
Mart Petroleum was the sole plaintiff in the state actions.

The judgment is reversed, and the case is remanded for
further proceedings consistent with this opinion.