UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MIR S. IQBAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:12 CV 56 |
| | ) |
| TEJASHKUMAR M. PATEL, | ) |
| WARREN JOHNSON, S-MART | ) |
| PETROLEUM, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| WARREN JOHNSON, S-MART | ) |
| PETROLEUM, INC., | ) |
| | ) |
| Counter Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| MIR S. IQBAL, | ) |
| | ) |
| Counter Defendant | ) |

**OPINION AND ORDER**

In an opinion and order dated July 10, 2017 (DE # 62), the court denied defendants' motions for summary judgment (DE # 23, renewed by DE # 53; and DE # 55). Now, defendants Warren Johnson ("Johnson") and S-Mart Petroleum, Inc. ("S-Mart") have moved for reconsideration of the opinion and order, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (DE # 64.) Defendant Tejashkumar Patel ("Patel") has joined the motion, as well. (DE # 65.) Plaintiff has not responded to the motions, and the time to do so has now passed. The facts of this case, both disputed and undisputed, were summarized at length in the court's July 10, 2017, opinion, and they

need not be repeated here. For the following reasons, the motions to reconsider are denied.

The Seventh Circuit has explained that a motion for reconsideration is "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir.1994); *see also Talano v. Northwestern Medical Faculty Found., Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). However, such motions, when they challenge certain orders, like an order denying summary judgment, are frequently filed and entertained.

"It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlini,* 724 F.3d 965, 967 n.1 (2013). Defendants also point out that the United States District Court for the District of Columbia has held that "[r]econsideration of a prior court order may be appropriate if . . . the court failed to consider controlling law." *Beck v. Test Masters Educ. Servs. Inc.*, 12 F. Supp. 3d 22, 23–24 (D.D.C. 2013).

Here, defendants argue that the court failed to consider *Crider v. State Exchange Bank of Culver*, 487 N.E.2d 1345 (Ind. App. 1986), which they contend is *controlling law*

2

regarding the matter at issue in this case. (DE # 64-1 at 3.) Defendants particularly point to a quote from the decision which states "[i]t was incumbent upon Crider to demonstrate that the evidence could not have been earlier discovered by the exercise of due diligence." (*Id*. (quoting *Crider*, 487 N.E.2d at 1350)).

Defendants Johnson and S-Mart previously discussed this same quote in their supplemental brief in support of their motion for summary judgment, and concluded that this language establishes that it is plaintiff's burden "to show that this evidence [of the fraudulent scheme] could not have been earlier discovered by the exercise of due diligence." (DE # 53 at 3–4.) Defendants believe that this burden is controlling in the case at hand because they "believe that *Crider* is on-point on the issue of diligence in the context of *res judicata* and constitutes the controlling Indiana law regarding the application of *res judicata* to compulsory counterclaims." (*See* DE # 64-1 at 3.)

Unfortunately for defendants, they have misapprehended the *Crider* decision. *Crider* is not on-point because (1) it does not pertain to res judicata, and (2) the section repeatedly quoted and referenced by defendants is unrelated to compulsory counterclaims. *See Crider*, 487 N.E.2d at 1346–50. First, in *Crider*, unlike in the case at hand, the plaintiff moved for leave to file counterclaims *before* judgment was entered. *Id*. at 1349. Therefore, the court applied neither the doctrine of *res judicata* nor Indiana Trial Rule 13(A) to bar the compulsory counterclaims. *See id*. ("The controlling consideration here is that the trial court did not enter any judgment . . . . Were it otherwise, we might

have been persuaded to follow those cases which hold that Trial Rule 13 bars a counterclaim in a subsequent action.").

Second, the section of the *Crider* decision discussing the aforementioned burden related to due diligence is the section of the decision which specifically discusses *only* the plaintiff's proposed fraud counterclaim. *Id*. at 1350. The fraud counterclaim in that case was filed as an "after-acquired" claim pursuant to Trial Rule 13(E), not as a compulsory counterclaim pursuant to Trial Rule 13(A). Only Trial Rule 13(A) is at issue in the case at hand.[1]

The lack of relevance of the *Crider* decision is the reason the court did not include a discussion of *Crider* in its order dated July 10, 2017, and is also the reason why *Crider* is not controlling law over the case at hand. Accordingly, *Crider* does not provide a valid basis for reconsideration of the court's prior order.

In the motion for reconsideration, defendants also argue that plaintiff failed to meet its burden because he did not provide sufficient facts regarding diligence. (*See* DE # 64-1 at 6–7.) However, because the court—based on its own interpretation of Indiana law in its prior order—placed no *Crider*-like burden on plaintiff regarding earlier

---

[1] Indiana Trial Rule 13(E) provides that "[a] claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." In *Crider*, the trial judge declined to allow the filing of such a claim, and the Court of Appeals of Indiana declined to find that the trial judge had abused his discretion in doing so. *Crider*, 487 N.E.2d at 1350.

discovery and due diligence, this discussion is not relevant. Therefore, defendants' second argument provides no basis for the court to reconsider its prior order.[2]

For the foregoing reasons, defendants Warren Johnson and S-Mart Petroleum Inc.'s motion for reconsideration (DE # 64) is **DENIED** and defendant Tejashkumar M. Patel's motion for reconsideration (DE # 65) is **DENIED**.

**SO ORDERED.**

Date: August 18, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[2] Additionally, defendants contend that plaintiff failed to provide affidavits to support his allegations. (DE # 64 at 7.) As the court already stated in its prior order, the facts included in plaintiff's verified complaint (DE # 1) will be treated the same as facts in an affidavit. (*See* DE # 62 at 1–2 n.1 (citing *Ford v. Wilson*, 90 F.3d 245, 246–47 (7th Cir. 1996))).