UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MIR S. IQBAL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:12-cv-56 |
| TEJASKUMAR M. PATEL, WARREN JOHNSON, and S-MART PETROLEUM, INC., an Indiana corporation, | ) |
| Defendants. | ) |
| WARREN JOHNSON and S-MART PETROLEUM, INC., an Indiana corporation, | ) |
| Counter Claimants, | ) |
| v. | ) |
| MIR S. IQBAL, | ) |
| Counter Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Sanctions and for Disqualifying Plaintiff's Attorney, Pursuant to N.D. Ind. L.R. 83.6.2(a)(1) [DE 81] filed by Maurice Salem on November 6, 2017. For the following reasons, the motion is **DENIED**.

*Background*

Attorney Maurice Salem entered his appearance on behalf of the plaintiff, Mir S. Iqbal, in this matter on February 3, 2012. On August 24, 2017, Attorney Salem filed a motion to withdraw, and his appearance was withdrawn on August 28, 2017. Attorney Mark Lavery entered his appearance on behalf of Iqbal on September 6, 2017.

Attorney Salem has alleged that at the telephonic status conference on August 24, 2017, Attorney Lavery made disparaging remarks and wrongful conduct accusations against him. Further, Attorney Salem has alleged that the comments were false, defamatory, and injured his reputation and integrity before the court and opposing counsel. Therefore, he has requested that Attorney Lavery be sanctioned and disqualified as Iqbal's counsel. Further, he requests that Attorney Lavery disgorge any attorney fees he has received from Iqbal and that a punitive judgment be imposed.

*Discussion*

**Federal Rule of Civil Procedure 11(a)** provides, in relevant part, as follows:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number.... The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Rule 11 is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. **Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.** 498 U.S. 533, 552, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991).

The Seventh Circuit has stated repeatedly that disqualification of an attorney is a "drastic measure which courts should hesitate to impose except when absolutely necessary." **Owen v. Wangerin,** 985 F.2d 312, 317 (7th Cir. 1993) (quoting **Schiessle v. Stephens,** 717 F.2d 417, 419–20 (7th Cir. 1983); **Freeman v. Chicago Musical Instrument Co.,** 689 F.2d 715 (7th Cir. 1982)). The Seventh Circuit emphasized that because disqualification deprives a party of representation of its choosing, motions to disqualify "should be viewed with extreme caution for they can be misused as techniques of harassment." **Freeman,** 689 F.2d at 722. The movant

bears a heavy burden of proving the facts required for a disqualification.  *Guillen v. City of Chicago,* 956 F.Supp. 1416, 1421 (N.D. Ill. 1997).

When addressing such motions, courts are directed to follow a two-step analysis, considering:  (1) whether an ethical violation has occurred, and (2) if so, whether disqualification is the appropriate remedy for the violation.  *See Guillen,* 956 F.Supp. at 1421.  The Local Rules of this court provide that the Rules of Professional Conduct as adopted by the Indiana Supreme Court, along with the Standards for Professional Conduct adopted by the Seventh Circuit, provide the standard of conduct for those practicing in this court.  *See* **N.D. Ind. L.R. 83–5(e).**

Attorney Salem has indicated that Attorney Lavery engaged in misconduct, which is grounds for discipline pursuant to N.D. Ind. L.R. 83-6.2(a)(1).  However, Attorney Salem is neither an attorney of record nor a party in this matter.  He was withdrawn as Iqbal's counsel on August 28, 2017, and the motion requesting sanctions and disqualification was filed on November 6, 2017.  Therefore, pursuant to Rule 11 the motion was not signed by at least one attorney of record or by a party personally if the party is unrepresented.  Further, Attorney Salem has not demonstrated facts that would be grounds to disqualify Attorney Lavery or that would warrant sanctions.

Based on the foregoing, the Motion for Sanctions and for Disqualifying Plaintiff's Attorney, Pursuant to N.D. Ind. L.R. 83.6.2(a)(1) [DE 81] is **DENIED.**

ENTERED this 29th day of December, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge