UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MIR S. IQBAL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:12-cv-56 |
| TEJASKUMAR M. PATEL, WARREN JOHNSON, and S-MART PETROLEUM, INC., an Indiana corporation, | ) |
| Defendants. | ) |
| WARREN JOHNSON and S-MART PETROLEUM, INC., an Indiana corporation, | ) |
| Counter Claimants, | ) |
| v. | ) |
| MIR S. IQBAL, | ) |
| Counter Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Strike Salem's Lien [DE 82] filed by the plaintiff, Mir S. Iqbal, on November 20, 2017. For the following reasons, the motion is **GRANTED**.

*Background*

Attorney Maurice Salem entered his appearance on behalf of the plaintiff, Mir S. Iqbal, in this matter on February 3, 2012. On August 24, 2017, Salem filed a motion to withdraw as attorney of record for Iqbal and attached a notice of retainer lien. Salem's appearance was withdrawn on August 28, 2017. Attorney Mark Lavery entered his appearance on behalf of Iqbal on September 6, 2017.

The Notice of Attorney's Fees Retainer Lien [DE 73] filed by Salem intended to give notice to the court and the parties of the attorney fee's retainer lien against Iqbal for any settlement or award amount. Salem has alleged that Iqbal owes approximately $365,350.00 in attorney's fees. Iqbal's motion has argued that Salem's notice of lien is invalid, and therefore that it be stricken. Salem filed a response in opposition on November 29, 2017.

*Discussion*

"There is no federal common law or statute providing for an attorney's lien; federal courts follow their forum state's law." ***Holly v. Rent-A-Center***, No. IP 00-580-C-Y/F, 200 WL 1134536 at *1 (S.D. Ind. 2000). Indiana law recognizes two types of attorney's liens: a retaining lien and a charging lien. ***Holly v. Rent-A-Center***, No. IP 00-580-C-Y/F, 200 WL 1134536 at *1. A retaining lien is the right of the attorney to retain possession of a client's documents, money, or other property which comes into the hands of the attorney professionally, until a general balance due to him for professional services is paid ... and exists as long as the attorney retains possession of the subject matter. ***Wilson v. Sisters of St. Francis Health Services Inc.,*** 952 N.E.2d 793, 796 (Ind. Ct. App. 2011). A charging lien is the equitable right of attorneys to have the fees and costs due to them for services in a suit secured out of the judgment or recovery in that particular suit. ***Bennett v. NSR, Inc.,*** 553 N.E.2d 881, 884 (Ind. Ct. App. 1990). In most states, a charging lien rests entirely on statutes. ***Miller v. Up in Smoke***, No. 1:09-CV-242, 2011 WL 3022402 at *2 (N.D. Ind., July 22, 2011).

Salem has filed a notice of attorney's fees retainer lien. However, he has not indicated what materials, if any, he is holding until he and Iqbal settle their fee dispute or Iqbal posts adequate security for the payment of the fees. Further, Iqbal has argued that Salem's "charging lien" is invalid and should be stricken. Salem's response did not correct Iqbal's arguments,

rather he cites Indiana Code § 33-43-4-2, which is construed as the charging lien statute. Moreover, Salem has not provided any Indiana case law applicable to a retaining lien. Therefore, the court will construe the notice of lien as a charging lien.

According to Indiana law, an attorney is entitled to lien if he files his intention to hold a lien on the judgment "not later than sixty (60) days after the date the judgment is rendered." **Indiana Code § 33-43-4-2**. Prior to the Indiana Code's amendment in 2004, cases interpreting the previous version of this statute "were clear that an attorney had sixty days from the entry of final judgment to enter his lien, and a lien filed before any judgment was rendered was not valid because there was no judgment for which the lien could attach." *Clem v. Watts*, 27 N.E.3d 789, 792 (Ind. Ct. App. 2015). Since 2004, Indiana courts have chosen to continue to read the amended statute in the same way, finding that its "clear and unambiguous language contemplates that a judgment must be recorded before a lien may be entered." *Clem*, 27 N.E.3d at 792.

Iqbal has requested that Salem's notice of lien be stricken. He has argued that "no lien can be acquired before judgment." *Miller v. Up in Smoke*, No. 1:09-CV-242, 2011 WL 3022402 at *3 (N.D. Ind., July 22, 2011) (quoting *Olczak v. Marchelewicz,* 98 Ind. App. 244, 188 N.E. 790, 792 (Ind. Ct. App 1934)). Moreover, an attorney is only entitled to a statutory lien for the attorney fees on any "judgment rendered" in favor of the client and the "judgment" requirement has been strictly enforced. *Miller v. Up in Smoke*, No. 1:09-CV-242, 2011 WL 3022402 at *3 (N.D. Ind., July 22, 2011).

The court finds that Salem's notice of lien is invalid because final judgment has not been entered in this matter. Therefore, there is no judgment for the lien to attach. The court **STRIKES** the Notice of Attorney Fees Retainer Lien [DE 73] and **GRANTS** the Motion to Strike Salem's Lien [DE 82].

ENTERED this 29th day of December, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge